UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YAN ZHAO,

                Plaintiff,

                                         **Hon. Hugh B. Scott**

                v.

                                         06CV106S

                                         **Order**

UNITED STATES OF AMERICA DEPARTMENT OF
HOMELAND SECURITY,

                Defendant.

      Before the Court is defendant's motion to compel or for Order of preclusion and to extend the time for defendant to complete its discovery (Docket No. 25[1]).  This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C), but without authority to hear and report upon dispositive motions (Docket No. 13, Sept. 11, 2006).

BACKGROUND

      This is a Federal Torts Claims Act action for the alleged assault upon plaintiff by employees of the defendant U.S. Department of Homeland Security.  Defendant moved (Docket Nos. 17, 22) to extend the deadlines within the Scheduling Order (Docket No. 16), which were granted (Docket Nos. 18 (mediation deadlines), 23-24 (discovery deadlines)).  Now defendant moves for an Order compelling plaintiff to provide her initial disclosures under Federal Rule of Civil Procedure 26(a)(1), furnish verified and supplemental responses to defense Interrogatories,

---

[1] In support of this motion, defendant filed its attorney's affidavit with exhibits, Docket No. 26, and its attorney's affidavit in further support of the motion, with exhibits, Docket No. 28.  Plaintiff did not file a response.

and furnish supplemental responses to defendant's first notice to produce. Alternatively, defendant moves for an Order of preclusion, both in general and specifically against plaintiff offering expert evidence. Defendant also moves for another extension of time. (Docket No. 25.) Defendant contends that it needs additional time to make its expert disclosure and to complete discovery (Docket No. 26, Def. Atty. Aff. ¶ 38). Defendant seeks "a minimum of three (3) months, from the expiration of plaintiff's time to comply with any Order of this court in regard to outstanding discovery" (id. ¶ 39), in order to secure medical authorizations and medical records (id.). Defendant seeks to adjust the Scheduling Order accordingly.

Responses to this motion were due by December 19, 2007, with any reply due by January 3, 2008, and the motion was to be submitted (without oral argument) on January 3, 2008 (Docket No. 27), but plaintiff did not file a timely response. Thus, the motion was deemed submitted as of December 19, 2007. Defendant then filed an affidavit in further support of its motion, indicating plaintiff's failure to respond (Docket No. 28, Def. Atty. Aff. ¶¶ 4-5 of Jan. 3, 2008). Defense counsel noted that the only communication she received from plaintiff's counsel was sending her medical authorizations (id. ¶¶ 6-7, Ex. A) which had expiration dates in May 2008, limited the release of plaintiff's mental and physical condition, did not authorize release of prescription and employment records (id. ¶¶ 8-11). Defense counsel wrote on January 2, 2008, requesting unrestricted medical authorizations (id. ¶ 12, Ex. B). She reports that plaintiff's counsel wrote, in December 4, 2007, that he was working on the remaining discovery requests and would respond by the end of that week, but had not (id. ¶¶ 13-14).

DISCUSSION

I.	Standards

   A.	Discovery and Motion to Compel

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification (also required by this Court's Local Civil Rule 37) that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).

   Failure to comply with a discovery order would subject the disobedient party to various possible sanctions, Fed. R. Civ. P. 37(b)(2).  As with imposition of Rule 37(d) sanctions for failure to comply with discovery demands, Rule 37(b) sanctions must be weighed in light of the full record.  See Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979).  Rule 37(b)(2) lists various sanctions including preclusion or dismissal of claims, Fed. R. Civ. P. 37(b)(2)(A) (facts established), (B) (refusing to allow disobedient party to support claim or defense), (C) (striking pleadings), or (D) (contempt of court for failing to produce witness), as well as payment of opponent's reasonable expenses, and attorneys' fees.  The dismissal of a defense or preclusion of evidence for failure to respond to a discovery request is a drastic remedy, Burnett v. Venturi, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); see National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (per

curiam) (dismissal as severest sanction), the level of sanction is available for flagrant discovery abuses, see Szatanek v. McDonnell Douglas Corp., 109 F.R.D. 37, 41 (W.D.N.Y. 1985) (Elfvin, J.) (harsh discovery sanction to strike an answer) (see Docket No. 39, Def. Memo. at 17).

But for sanctions under Rule 37(b)(2), there first needs to be a Court Order compelling discovery that has been ignored. Fed. R. Civ. P. 37(b). Absent such an Order, a movant is not entitled to Rule 37(b) sanctions. See 8A Federal Practice and Procedure, supra, § 2289, at 669; United States v. Kattar, 191 F.R.D. 33, 35 (D.N.H. 1999) (quoting R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15, 16 (1st Cir. 1991)). The only relief available when a party fails to respond to a discovery demand is an Order to compel and sanctions of the reasonable costs associated with the motion to compel, Fed. R. Civ. P. 37(a)(2)(B), (4)(A). The increased sanction of Rule 37(b) arises because the party disregards both the discovery demand and the Court's Order compelling production. See also Fed. R. Civ. P. 37(b)(2)(D) (in lieu of foregoing order, party could be held in contempt of court for failing to obey discovery order). Plaintiff's request for relief could be construed as anticipating the breach of an Order to compel, but at this stage such anticipatory relief is not available.

If a party fails (without justification) to provide initial disclosure under Rule 26(a), it is not permitted to use the withheld evidence at trial as well as other sanctions, including reasonable motion costs, and Rule 37(b)(2) sanctions, Fed. R. Civ. P. 37(c)(1).

B.   Amending the Scheduling Order

Modification of a Scheduling Order is done only upon a showing of good cause. Fed. R. Civ. P. 16(b); see 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1, at 230-31(Civil 2d ed. 1990). "In the absence of some showing of why

an extension is warranted, the scheduling order shall control." Id. at 231. This Court has broad discretion in preserving the integrity of its Scheduling Orders, see Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996), including the discretion to extend its deadlines when good cause is shown.

II.     Application

Here, defendant alleges that plaintiff did not serve her initial disclosure and has furnished incomplete responses to discovery demands. Plaintiff has not responded to this motion. Defendant has shown, through copies of correspondence with plaintiff's counsel, the steps defendant took to avoid motion practice to obtain the sought after discovery and disclosure. Defendant's motion to compel is **granted**.

Defendant alternatively moves for an Order of Preclusion. By rule, a party that fails to produce initial disclosure material under Rule 26(a) without substantial justification is precluded from using that material at trial, Fed. R. Civ. P. 37(c)(1). The other sanctions under Rule 37(b)(2) (either for failure to make initial disclosure or disobeying this Court's Order to compel, including precluding plaintiff from introducing expert testimony) are beyond the scope of referral jurisdiction granted to the undersigned and this Court does not reach these sanctions.

III.    Amended Scheduling Order

Defendant has shown good cause (from the delays in plaintiff's production and the timing once plaintiff makes its anticipated production and provides authorizations for further discovery) for extending this already extended Scheduling Order. Defendant's motion to extend the Scheduling Order is **granted** by amending the existing Amended Scheduling Order (Docket No. 24): discovery shall conclude on **April 28, 2008**; defense expert disclosure is due by

**March 31, 2008**; all expert disclosure is due by **April 15, 2008**; dispositive motions are due by **September 29, 2008**; pretrial statements (if no such motions are filed) are due by **October 29, 2008**. Final pretrial conference, before Judge Skretny, is now scheduled for **Wednesday, November 12, 2008**, and the jury trial date is **Tuesday, January 27, 2009**.

CONCLUSION

For the reasons stated above, defendant's motion (Docket No. 27) to compel is **granted** as discussed above. Defendant's alternative motion for an Order of preclusion is **granted** as to initial disclosure material not provided to defendant but **not addressed herein** as to other discovery as this motion goes beyond the referral jurisdiction of this Court.

Defendant's motion to extend the Scheduling Order is **granted**; discovery shall conclude on **April 28, 2008**; defense expert disclosure is due by **March 31, 2008**; all expert disclosure is due by **April 15, 2008**; dispositive motions are due by **September 29, 2008**; pretrial statements (if no such motions are filed) are due by **October 29, 2008**. Final pretrial conference, before Judge Skretny, is now scheduled for **November 12, 2008**, and the Jury Trial date is **January 27, 2009**.

So Ordered.

                                      */s/ Hugh B. Scott*
                                      Honorable Hugh B. Scott
                                      United States Magistrate Judge

Dated: Buffalo, New York
        January 10, 2008