```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

YAN ZHAO,

       Plaintiff,

               **Hon. Hugh B. Scott**

      v.

               06CV106S

               **Order**

UNITED STATES OF AMERICA DEPARTMENT OF
HOMELAND SECURITY,

       Defendant.

    Before the Court is defendant's motion to compel or for an Order of preclusion and its motion to extend the time for defendant to complete its discovery (Docket No. 25). This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C), but without authority to hear and report upon dispositive motions (Docket No. 13, Sept. 11, 2006). Initially, responses to this motion were due by December 19, 2007, and replies by January 3, 2008 (Docket No. 27), but plaintiff did not respond to this motion (see Docket No. 28, Def. Atty. Aff.) and the Court granted the defense motion to compel (Docket No. 29) and amended the Scheduling Order (Docket Nos. 29, 30; cf. Docket No. 24).

    Defendant then moved for summary judgment, for preclusion of evidence not produced, or, alternatively, for a further amended Scheduling Order (Docket No. 31). Plaintiff then cross-moved to excuse her default (Docket No. 38), arguing that new counsel, who had assumed the case, was not registered for the Court's Case Management/Electronic Case Filing system and was unaware of defendant's earlier motion to compel (id., Pl. Atty. Aff. ¶¶ 9-14, 21-24; see Docket No. 44, Text Order of Aug. 25, 2010). Chief Judge Skretny granted plaintiff's motion to excuse

her default, denied defendant's motion for summary judgment or to preclude as moot, and granted defendant's motion to amend the Scheduling Order, referring the matter back to the undersigned to determine the schedule (id.). A status conference was held on September 22, 2010, before the undersigned to discuss setting the amended schedule and defendant's outstanding discovery issues (Docket No. 49; see also Docket Nos. 45, 46, 47).

Following that status conference, responses to defendant's original motion to compel were now due by October 13, 2010, with any reply due by October 27, 2010, and the matter deemed submitted (without oral argument) on October 27, 2010 (Docket No. 49). The Court stated its intention to enter a further Amended Scheduling Order upon the resolution of this motion to compel (id.).

Now before the Court is defendant's motion to compel (Docket No. 25[1]), plaintiff's responses (Docket No. 50[2]), and defendant's reply (Docket No. 52[3]).

BACKGROUND

This is a Federal Torts Claims Act action for the alleged assault upon plaintiff, a Chinese national, by employees of the defendant U.S. Department of Homeland Security at a border crossing in this District. Now defendant moves for an Order compelling plaintiff to provide her initial disclosures under Federal Rule of Civil Procedure 26(a)(1), furnish verified and supplemental responses to defense Interrogatories, and furnish supplemental responses to

---

[1] In support of this motion, defendant filed its attorney's affidavit with exhibits, Docket No. 26, and its attorney's affidavit in further support of the motion, with exhibits, Docket No. 28.

[2] Plaintiff submits her attorney's affidavit with exhibits, Docket No. 51.

[3] Defendant submits its attorney's affidavit with exhibits, Docket No. 52.

2

defendant's first Notice to Produce.  Alternatively, defendant moves for an Order of preclusion, both in general and specifically against plaintiff offering expert evidence.  Defendant also moves for another extension of time to make its expert disclosure and to complete discovery.  (Docket No. 25; Docket No. 26, Def. Atty. Aff. ¶ 38.)

Plaintiff responds that she supplied Rule 26(a)(1) disclosure (Docket No. 51, Pl. Atty. Aff. ¶ 4, Exs. A, B), in May 2008 (id. Ex. A) and supplemented it on September 2010 (id. Ex. B).  She claims she responded to the Interrogatories and Notice to Produce (id. ¶¶ 5-6, Exs. C-H), taking efforts to obtain supplemental materials from plaintiff in China (id. ¶¶ 7-8, 16, Exs. B, E, H).  She contends that she produced all relevant documents in her possession or in her American counsel's possession (id. ¶¶ 9-10), while her counsel attempts to obtain additional financial and employment information for her (id. ¶ 11).  As for medical authorizations, plaintiff explained that she was willing to execute authorizations limited to a finite period of time, rather than the broader "end of litigation" period sought by defendant and limited to certain enumerated injuries (id. ¶ 20, Ex. J).  Plaintiff submitted HIPAA authorizations for one-year and is willing, if necessary, to submit renewed authorizations beyond that period (id. ¶ 21).  Plaintiff disputes whether her proposed authorizations allow defendant access to office notes, billing records; she claims that her authorizations extend to those records (id. ¶ 22, Ex. I).  Plaintiff has provided her medical treatment records to defendant (id. ¶ 24).

Defendant contends that, since this Court's January 2008 Order compelling disclosure, plaintiff has provided incomplete responses to defense discovery, supplying "some, but not all, of the information sought in the discovery demands served in May 2007" (Docket No. 52, Def. Atty. Aff. ¶ 5), that plaintiff has resisted for the past three years to provide basic discovery in this

3

case (id. ¶ 3). Defendant claims that plaintiff has not produced computation of past and future medical expenses, which is required initial disclosure under Rule 26(a)(1) (id. ¶ 26). As for the defense Notice to Produce, defendant contends that plaintiff has not produced various items referenced in her supplemental responses, including certain defense statement documents in plaintiff's possession (id. ¶ 6), and she had not furnished certain lien documents that she stated in her initial response she was gathering (id. ¶ 7; see Docket No. 51, Pl. Atty. Aff. Exs. E, F). Defendant also seeks plaintiff's diaries, now arguing that plaintiff's counsel has had three years to discuss the issue of the existence of such documents (Docket No. 52, Def. Atty. Aff. ¶¶ 10, 8-9). Defendant next objects to plaintiff's limited medical authorizations (id. Ex. C; see Docket No. 51, Pl. Atty. Aff. Ex. I) rather than the authorizations defendant produced that would run for the course of this litigation (Docket No. 52, Def. Atty. Aff. ¶¶ 11-24, Ex. D (proposed authorization)). Defendant objects not only to the temporal limit on plaintiff's authorizations but also to the authorizations' limitations to the areas of her person that were injured (id. ¶¶ 14, 20). Plaintiff also proposes employment authorizations limited in a similar fashion (id. ¶ 25, Ex. E (example of plaintiff's proposed authorizations)), which defendant objects and argues (like the medical authorizations) should be unlimited (id., Ex. F (example of defendant's proposed authorization); see Docket No. 51, Pl. Atty. Aff. Ex. L). As for defense Interrogatories (see Docket No. 52, Def. Atty. Aff. ¶ 27, Ex. B), defendant argues that plaintiff still refuses to answer questions about her medical providers, her health history, or provide a list of her medical and hospital expenses (id. ¶¶ 28-29, 31 (Interrogatories Nos. 13, 14, 16); cf. Docket No. 51, Pl. Atty. Aff. Exs. C, D, E (plaintiff's Answers to Interrogatories and supplements)). Defendant now

seeks full disclosure by November 30, 2010 (Docket No. 52, Def. Atty. Aff. at 10-11, Wherefore ¶).

DISCUSSION

I.  Standards

   A.  Discovery and Motion to Compel

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification (also required by this Court's Local Civil Rule 37) that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(5)(A). If the motion is granted (or if disclosure is made after the motion is filed), the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" with such expenses not ordered if the motion is filed without first attempting in good faith to resolve the discovery dispute, if the opponent's nondisclosure, response, or objection was substantially justified, or other circumstances make an award of expenses unjust, id. R. 37(a)(5)(A)(i)-(iii).

B.    Amending the Scheduling Order

As previously noted (Docket No. 30, Order at 4), modification of a Scheduling Order is done only upon a showing of good cause. Fed. R. Civ. P. 16(b); see 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1, at 230-31(Civil 2d ed. 1990). "In the absence of some showing of why an extension is warranted, the scheduling order shall control." Id. at 231. This Court has broad discretion in preserving the integrity of its Scheduling Orders, see Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996), including the discretion to extend its deadlines when good cause is shown.

II.   Motion to Compel or Preclude

Here, defendant alleges that plaintiff did not serve her initial disclosure and has furnished incomplete responses to discovery demands.

Defendant alternatively moves for an Order of Preclusion. By rule, a party that fails to produce initial disclosure material under Rule 26(a) without substantial justification is precluded from using that material at trial, Fed. R. Civ. P. 37(c)(1). The one remaining area of initial disclosure at issue is a computation of medical expenses. The other sanctions under Rule 37(b)(2) (either for failure to make initial disclosure or disobeying this Court's Order to compel, including precluding plaintiff from introducing expert testimony) only come into play when an opponent fails to comply with a Court Order; these are beyond the scope of referral jurisdiction granted to the undersigned. For sanctions under Rule 37(b)(2), there first needs to be an Order compelling discovery that has been ignored, Fed. R. Civ. P. 37(b). Absent such an Order, a movant is not entitled to Rule 37(b) sanctions and has only available an Order to compel and sanctions of the reasonable costs associated with the motion to compel, Fed. R. Civ. P.

37(a)(3)(A), (B), (5)(A). See 8A Federal Practice and Procedure, supra, § 2289, at 669; United States v. Kattar, 191 F.R.D. 33, 35 (D.N.H. 1999) (quoting R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15, 16 (1st Cir. 1991)). Arguably, the earlier Order (Docket No. 29) compelling disclosure could be that Order, but plaintiff explained her initial default from briefing of that motion (Docket No. 38, Pl. Atty. Aff. ¶¶ 9-14, 21-24; see Docket No. 44) and this cannot be the basis for subsequent Rule 37(b)(2) sanctions at this time. The increased sanction of Rule 37(b) arises because the party disregards both the discovery demand and the Court's Order compelling production. See also Fed. R. Civ. P. 37(b)(2)(A)(vii) (in lieu of foregoing order, party could be held in contempt of court for failing to obey discovery order). Thus, this Court **does not reach** these sanctions.

Defendant has four major categories of discovery that plaintiff has not responded to or failed to respond to in full. The Court next addresses each category.

    A.    Initial Disclosure–Medical Expense Computation

Defendant confines its initial disclosure issue to plaintiff's failure to provide a computation of her past and future medical expenses, which is required initial disclosure under Rule 26(a)(1)(iii) (Docket No. 52, Def. Atty. Aff. ¶ 26). Plaintiff did provide a partial disclosure, based upon information she had while awaiting her past medical expenses upon submission of relevant certified medical billing records and future medical expenses extrapolated from past expenses (Docket No. 51, Pl. Atty. Aff., Ex. A, at third unnumbered page, Ex. B, supplemental Rule 26(a) disclosure at fifth unnumbered page) that plaintiff was waiting for as late as September 2010 (see id. Ex. H, Pl. 2d Supp'al Response to Interrog. 17). At this point, plaintiff should have access to her medical records and, in particular for this disclosure, her billing records

7

(at least in the United States). Therefore, defendant's motion to compel this disclosure by a date certain is **granted**; a global production date will be set later in this Order for the outstanding matters where compulsion to produce is granted.

B.  Document Production

Defendant wants produced its statements in plaintiff's possession and documents regarding liens pertaining to this lawsuit. Plaintiff stated in its responses, as supplemented, that she is endeavoring to produce these. As noted by defendant, plaintiff resides in China (see Docket No. 52, Def. Atty. Aff. ¶ 21) and her ability to respond or supplement her responses "is not a simple matter" (id.). As for defendant's statements, plaintiff (or her counsel in this case or her counsel in New York City) should have these documents readily available and **will produce them** by the deadline set forth in this Order.

As for liens (see Docket No. 51, Pl. Atty. Aff. Ex. F, initial Response ¶ 6), plaintiff has been securing documentation for any liens connected with this matter, with her September, 2010, supplement stating that an itemized bill was submitted from the Tianjin First Central Hospital for over $7,500 plus documentation from the New York State Crime Victim's Board (id. Ex. E, 2d Supp'al Response ¶ 6, Sept. 15, 2010). Lien documents also **must be produced** by the deadline set forth herein.

Defendant's motion to compel production of these documents is **granted**.

C.  Authorizations

Next, defendant objects to the limited medical and employment authorizations furnished by plaintiff, with plaintiff's authorizations restricted to time and (for her medical authorizations) areas of possible injury that can be disclosed. But, as defendant notes (Docket No. 52, Def. Atty.

Aff. ¶¶ 15-16), plaintiff put her entire medical condition (past, present, and future) into issue in this case. Defendant is entitled to discovery into her medical condition and needs authorization from her medical providers to obtain access to her records, despite plaintiff's production of her medical record to defendant. Defendant's request for more expansive medical authorizations **is granted**. As for her employment authorizations, plaintiff does not explain why they should be as limited as she proposed. To utilize plaintiff's forms with annual renewal applications would require defendant to approach her annually to renew the authorizations. Given that this case is now almost five years old and still in the discovery stage, such renewal requests going forward would become onerous and unnecessary. As for the employment authorizations, defendant's authorizations should be used and its motion to compel same **is granted**.

D. Interrogatories

Defendant next seeks more complete answers to its Interrogatories as to plaintiff's medical condition, namely the identity of her health care providers prior to the incident (Interrogatory No. 13) and whatever medical conditions she sustained not caused by defendant's actions (Interrogatory No. 14) (Docket No. 52, Def. Atty. Aff. ¶¶ 28-29). As defendant notes, this information is necessary to establish a baseline of plaintiff's physical and psychological condition in order to determine whether her injuries were due to defendant's actions (id. ¶ 30). Plaintiff does not address these arguments. Defendant's motion for responses to these two Interrogatories **is granted**.

As for Interrogatory No. 16, defendant seeks a list of medical and hospital expenses (id. ¶ 31), information similar to the computation of past medical expenses sought as initial disclosure. Plaintiff answered that Interrogatory that she was awaiting that information (Docket

9

No. 51, Pl. Atty. Aff. Ex. C at fifth unnumbered page), and still awaiting as late as September 27, 2010 (id. Ex. K). Plaintiff needs to produce what she has as of the deadline below, as well as supplement as additional records are located and provided. Defendant's motion to compel answer to this Interrogatory also **is granted**.

E. Production Deadline

Defendant sought production of these items by November 30, 2010. That portion of its motion is **denied in part**; instead, plaintiff is to produce the items stated in this Order by **December 17, 2010**. The Court understands that some of these records are in China but plaintiff has had three years to obtain them for her counsel's own use in prosecuting this matter. Furthermore, under Federal Rule of Civil Procedure 26(e)(1)(A), plaintiff has an obligation to supplement her discovery where her response is incomplete.

F. Reasonable Motion Expenses

Defendant, as prevailing party, is entitled to recover its reasonable expenses, including attorney's fees for making this motion, even though it is represented by the United States Attorney for this District. Defendant shall submit an affidavit of its reasonable motion expenses within **ten (10) days** of entry of this Order. Plaintiff is to show either that her non-disclosure, response or objection was substantially justified, or that other circumstances would make an award of expenses unjust, as well as argue whether the defendant's expenses are reasonable, within **twenty (20) days** of entry of this Order.

III. Amended Scheduling Order

Defendant has shown good cause (from the delays in plaintiff's production and the timing once plaintiff makes its anticipated production and provides authorizations for further discovery)

for extending this already extended Scheduling Order. Plaintiff does not object to an extension. Defendant's motion to extend the Scheduling Order is **granted** by amending the existing Amended Scheduling Order (Docket No. 24): discovery shall conclude on **March 4, 2011**; defense expert disclosure is due by **January 31, 2011**; all expert disclosure is due by **February 22, 2011**; dispositive motions are due by **June 3, 2011**; pretrial statements (if no such motions are filed) are due by **August 26, 2011**. The Final Pretrial Conference, before Chief Judge Skretny, is now scheduled for **Wednesday, September 21, 2011, at 9 am**, and the jury selection and trial is **Tuesday, November 29, 2011, at 9:30 am**.

## CONCLUSION

For the reasons stated above, defendant's motion (Docket No. 25) to compel is **granted in part**, compelling production, but **not addressing** defendant's motion for preclusion, as discussed above. Plaintiff shall respond to the outstanding discovery discussed herein by **December 17, 2010**. Defendant shall submit an affidavit of its reasonable motion expenses within **ten (10) days** of entry of this Order. Plaintiff shall respond and show either that her nondisclosure, response, or objection was substantially justified or that other circumstances would make an award of expenses unjust within **twenty (20) days** of entry of this Order.

As noted above, the Court amends the Amended Scheduling Order (Docket No. 24); discovery shall conclude on **March 4, 2011**; defense expert disclosure is due by **January 31, 2011**; all expert disclosure is due by **February 22, 2011**; dispositive motions are due by **June 3, 2011**; pretrial statements (if no such motions are filed) are due by **August 26, 2011**. The Final Pretrial Conference before Chief Judge Skretny is now scheduled for **Wednesday,**

**September 21, 2011, at 9 am**, and the jury selection and trial is **Tuesday, November 29, 2011, at 9:30 am**, with the trial to commence at the conclusion of jury selection.

So Ordered.

                                                     */s/ Hugh B. Scott*
                                                     Honorable Hugh B. Scott
                                                     United States Magistrate Judge

Dated: Buffalo, New York
       November 17, 2010