UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YAN ZHAO,

                              Plaintiff,                    **Hon. Hugh B. Scott**


                                                           06CV106S
                    v.
                                                           **Order**



UNITED STATES OF AMERICA,

                              Defendant.
_____

Before the Court is a follow up to defendant's motion to compel (Docket No. 25),

wherein the Court granted that motion and invited defendant to submit its reasonable motion

expenses as a discovery sanction against plaintiff or her counsel (Docket No. 53, Order at 10).

Defendant then filed a timely application (Docket No. 54, Def. Atty. Aff.), to which plaintiff

responded (Docket No. 60), and the application was deemed submitted as of December 13, 2010

(see Docket No. 53, Order at 10, ordering fee affidavit within ten days of entry of Order and

response within twenty days of entry).  Familiarity with the Order compelling production (Docket

No. 53) is presumed.

## BACKGROUND

This is a Federal Torts Claim Act case for an alleged assault of plaintiff, a Chinese

national, at a border crossing into this District, by employees of defendant United States

Department of Homeland Security.  Defendant moved to compel initial disclosures, answers to

Interrogatories, and plaintiff's execution of authorizations without temporal restrictions (Docket

No. 25).  Defendant's motion was granted in relevant part, compelling production (Docket

No. 53, Order), also setting forth the application schedule discussed above for this request to

recoup reasonable motion expenses (id. at 10), as well as an Amended Scheduling Order (id. at

10-11, 11-12).

In its application, defendant only seeks to recover as reasonable motion expenses the

attorney's fee for the current Assistant U.S. Attorney assigned to this case and her work on the

motion, although this motion was filed in late 2007 by another attorney (Docket No. 54, Def.

Atty. Aff. ¶¶ 3-4).  Assistant U.S. Attorney Roach quoted an hourly rate of $176.42 (id. ¶ 6), for

work done to prepare the motion, such as reviewing Chief Judge Skretny's Order, the outstanding

discovery demands, plaintiff's response, and drafting defendant's reply, spending four hours in

these tasks (id. ¶ 5).  Defendant thus claims a total of $705.68 in attorney's fee and no other

expenses (id. ¶ 7).

Plaintiff responds that she has no objection to the fee rate quoted by the Assistant U.S.

Attorney (Docket No. 60, Pl. Atty. Aff. ¶ 4) but questions the amount of time expended in

making this motion (id. ¶¶ 5, 8-10).  She argues that defense counsel would have reviewed the

discovery produced in any event and that the time claimed should be reduced by half, to two

hours (id. ¶¶ 9-10).  Alternatively, plaintiff states that there was a legitimate discovery dispute

"providing circumstances that make a sanction unjust" (id. ¶ 11).  For example, plaintiff claims

that a legitimate dispute existed as to the scope of authorizations and interrogatory responses

concerning her prior health care providers and a list of expenses that should not be penalized by

sanctions (id. ¶¶ 12-13).

DISCUSSION

I.      Reasonable Motion Expenses Standard

Imposition of Rule 37(a)(5) sanctions for failure to comply with discovery demands must be weighed in light of the full record.  See Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979).  This Court has wide discretion to impose sanctions.  See Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999), cert. denied, 528 U.S. 1119 (2000).  Under Rule 37, the movant is entitled to reasonable costs and attorneys' fees.  "If the court determines to award expenses and fees, it is for the court to decide what amount is proper."  8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour).  The rate or amount an attorney bills his or her client (especially where, as here, the client, the United States, will never be billed as a private sector client would) related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses.  See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar method (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007), method) for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); Monahan v. SZS 33 Assocs., L.P., 154 F.R.D. 78, 83 (S.D.N.Y. 1994) (applying

3

lodestar method to determining attorney's fee for Rule 37(a)(4)(A) relief); New York State NOW v. Cuomo, No. 93 Civ. 7146, 1996 U.S. Dist. LEXIS 17578, at *4 (S.D.N.Y. Nov. 26, 1996) (Francis, Mag. J.) (same); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred. In calculating the "presumptively reasonable fee" this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111. The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 Moore's Federal Practice--Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11. It is within this Court's discretion to determine the reasonableness of those rates based on the Court's knowledge of prevailing community rates and the relative experience of counsel, Creative Res. Group of N.J., Inc. v. Creative Res. Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002) (Wall, Mag. J.) (Report & Recommendations, citation omitted); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

II.     Whether to Impose Sanction at All?

Plaintiff argues that sanction should not be imposed at all because some of the items sought compelled were legitimately in dispute (Docket No. 60, Pl. Atty. Aff. ¶¶ 5, 12-16). The Court must not order the payment of motion to compel expenses if the opponent's objection to production "was substantially justified; or . . . other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). While plaintiff had a legitimate dispute as to the

scope of authorizations she was to execute and interrogatory responses regarding her health care providers and list of expenses incurred, she did not have a substantial justification as to the other discovery areas she did not adequately produce. Plaintiff's argument to deny imposition of any sanction is **denied**.

Next the Court must calculate the reasonable rate for the sole expense claimed, the movant's attorney's fee.

III.     Reasonable Rate

As noted by plaintiff (Docket No. 60, Pl. Atty. Aff. ¶ 4), this Court recently found the rate of $150 per hour to be reasonable, see Associates Ins. Co. v. George J. Castle, Inc., No. 04CV174, 2005 U.S. Dist. LEXIS 40908 at 7 (W.D.N.Y. Aug. 2, 2005) (Scott, Mag. J.); Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *1-14; see also Disabled Patriots of Am., Inc. v. Niagara Group Hotels, 688 F. Supp. 2d 216, 224 (W.D.N.Y. 2010) (Skretny, Ch. J.) (upholding $150 per hour rate as reasonable in this District). Defendant seeks a slightly higher hourly rate of $176.42 for a long-time federal practitioner. Absent objection from plaintiff, the Court **accepts** this higher rate as reasonable in this case. Next, the Court considers the time expended for this motion.

IV.     Reasonable Time Expended

The next issue, to which plaintiff objects (see Docket No. 60, Pl. Atty. Aff. ¶¶ 7-10), is the amount of time expended in preparing this motion. The Court notes that defendant is seeking to recover only current counsel's time and defendant could have sought the time expended in filing and pursuing this motion by prior counsel. Plaintiff cites to Addington, supra, 77 F.R.D. 750, 751, which this Court cited above for the general proposition that the Court determines what

is a reasonable fee amount. In that case, movant claimed three hours for a motion to compel where the opponent failed to timely respond to interrogatories, id.

In the present case, defendant's motion to compel essentially was revived when this Court granted plaintiff's motion to excuse her default (Docket No. 44), requiring defense counsel to review what discovery was and was not provided in order to decide whether and to what extent it would pursue its motion to compel. The four hours claimed by current defense counsel (without the including the time of her predecessor) **is reasonable** and is the sanction to be imposed here. Thus, the amount claimed of **$705.68** is awarded to defendant.

V.     Which Party Is Liable?

Neither party discussed whether plaintiff, her attorneys, or both should be liable for this sanction. Under Rule 37(a)(5)(A), the party, attorney or both may be held liable for failure to produce. Here, plaintiff is a Chinese national and, as discussed regarding the amended schedule in this action (see Docket Nos. 61, 62), the ability of defendant to collect directly from plaintiff may be difficult). There is no clear attribution to either plaintiff or her counsel why she failed to produce the unobjected items and plaintiff's counsel articulated objections to the other items. there is no ground for imposing this sanction exclusively upon counsel; **both plaintiff and counsel are jointly** responsible for paying the reasonable motion costs set forth in this Order.

**CONCLUSION**

For the reasons stated above, defendant's application for recovery of its reasonable

motion expenses (Docket No. 54) is **granted**; defendant shall recover **$705.68** from jointly from

plaintiff and plaintiff's counsel.  The Court finds this amount to be a reasonable motion expense.

SO ORDERED.

_____
/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
December 20, 2010